Brett L Eliason, Trustee
36 Timber Trail
Ramsey, New Jersey, 07446
801-949-0080
Brett.eliason1@gmail.com
 Plaintiff is Self-Represented "Pro Se"

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

50 Walnut Street, Newark, New Jersey, 07102

| | |
|---|---|
| **THE ESTATE OF MAX AND JOYCE ELIASON,** By and through their heirs and interested persons, including Plaintiffs herein. | **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, REQUEST FOR EXPEDITED CONSIDERATION, AND MOTION FOR PRELIMINARY INJUNCTION** |
| **BRETT L. ELIASON, an individual;** | |
| **VERONIQUE ELIASON, an individual;** | |
| **KYLIE M. ELIASON, an individual;** | |
| **BRITTNIE L. ELIASON, an individual.** | |
| _____ Plaintiff | |
| v. | |
| **THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS** | |
| **KIRTON MCCONKIE, P.C.** | |
| **CRAIG MCCULLOUGH, an individual** | |
| **LISA STEPHENS, an individual** | |
| **BRYAN STEPHENS, an individual** | Case No. |
| | **Judge:** |
| **JOHN AND JANE DOES TO BE ADDED** | |
| _____ Defendant | |

1

## A. Legal Standard

1. Plaintiffs seek a Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, and/or the Court's inherent equitable authority.

2. A TRO and preliminary injunction are appropriate where Plaintiffs demonstrate:

   a. a likelihood of success on the merits;
   b. a likelihood of irreparable harm in the absence of relief;
   c. that the balance of equities tips in Plaintiffs' favor; and
   d. that the requested relief is in the public interest.

## B. Likelihood of Success on the Merits

3. Plaintiffs have alleged, and will demonstrate through documentary evidence, substantial claims including:

   a. breach of fiduciary duty;
   b. failure to provide statutory accounting;
   c. conversion and deprivation of property; and
   d. related equitable and statutory violations.

4. Defendants' failure to provide any accounting over a period exceeding seven years—despite clear fiduciary obligations—alone supports a strong likelihood of success on the merits.

5. Additional evidence demonstrates:

   a. undisclosed conflicts of interest;
   b. control over estate and trust assets without transparency; and
   c. exclusion of Plaintiffs from participation and oversight.

## C. Irreparable Harm

6. Plaintiffs are currently suffering ongoing and irreparable harm, including:

   a. deprivation of income and financial resources;
   b. inability to access or utilize assets to which they are entitled;
   c. risk of permanent dissipation or concealment of estate assets; and
   d. loss of housing stability and economic security.

7.    Monetary damages alone cannot remedy:

   a.    the loss of unique or untraceable assets;
   b.    the inability to recover dissipated funds; or
   c.    the ongoing denial of statutory and fiduciary rights.

8.    Absent immediate intervention, Plaintiffs will continue to suffer harm that cannot be undone through later relief.

---

## D. Balance of Equities

9.    The balance of equities weighs strongly in favor of Plaintiffs.

10.   Plaintiffs seek only:

   a.    transparency;
   b.    preservation of assets; and
   c.    compliance with existing legal obligations.

11.   Defendants face no legitimate prejudice from being required to:

   a.    produce an accounting;
   b.    preserve assets; or
   c.    operate under neutral oversight pending adjudication.

---

## E. Public Interest

12.   The public interest strongly favors:

   a.    enforcement of fiduciary duties;
   b.    transparency in trust and estate administration; and
   c.    prevention of financial exploitation.

13.   This is particularly compelling where allegations involve:

   a.    vulnerable individuals;
   b.    substantial assets; and
   c.    prolonged lack of accountability.

# F. Specific Relief Requested

14.    Plaintiffs respectfully request that this Court immediately:

a.    Order Defendants to produce a preliminary accounting of all estate, trust, and related entity assets within a specified timeframe;

b.    Enjoin Defendants from transferring, encumbering, or dissipating any assets related to the estate, trusts, or associated entities;

c.    Require preservation of all financial and electronic records;

d.    Prohibit interference with third-party discovery, including subpoenas and financial institutions;

e.    Order disclosure of all accounts, holdings, and distributions made since 2013; and

f.    Set an expedited hearing for further injunctive relief, including the potential appointment of a neutral receiver or fiduciary.

DATED this 24th day of March, 2026.

Respectfully submitted,


/s/ Brett L Eliason

_____
Brett L. Eliason (brett.eliason1@gmail.com)
Plaintiff, Pro Se

/s/ Veronique Eliason

_____
Véronique Eliason (veroniqueeliason88@gmail.com)
Plaintiff, Pro Se

/s/ Kylie M Eliason

_____
Kylie Eliason (kylie.eliason@icloud.com)
Plaintiff, Pro Se

/s/ Brittnie L Eliason

_____
Brittnie Eliason (britz.eliason@gmail.com)
Plaintiff, Pro Se


Address:
36 Timber Trail
Ramsey, NJ, 07446]
Telephone: 801-949-0080


5