NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF MAX AND JOICE ELIASON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al.*,<br><br>    Defendants. | No. 26cv3254 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

The Estate of Max and Joice Eliason, by and through their trustees, heirs, and interested persons, including Plaintiffs Brett L. Eliason, Veronique Eliason, Kylie Eliason, and Brittnie L. Eliason—all proceeding *pro se*—filed a complaint against Defendants The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (the "Church"), Kirton McConkie, P.C., Craig McCullough, Lisa Stephens, Bryan Stephens, and Jane and John Does "to be added." D.E. 1 ("Complaint" or "Compl."). Although the Complaint is largely incomprehensible, Plaintiffs allege that Defendants committed RICO violations. *See generally* Compl. Prior to paying the filing fee, Plaintiffs filed two *ex parte* motions for a temporary restraining order ("TRO"). D.E. 3 ("First TRO") and D.E. 4 ("Second TRO") (together, the "TRO Motions").

The Court has reviewed the TRO Motions and the Complaint and now *sua sponte* raises the issue of improper venue. For the reasons explained below, the Court will **DISMISS** the Complaint ***without prejudice*** but permit Plaintiffs 30 days to (1) either file an amended complaint curing the venue defect identified by the Court or show cause as to why the Complaint, as it is,

demonstrates that venue in this District is proper and (2) submit a letter to this Court indicating to which federal district court transfer may be appropriate under 28 U.S.C. § 1406 should the Court find that venue is improper in this District after considering the aforementioned submissions.  The Court will accordingly **DENY** the TRO Motions as **MOOT**.

I.      **ANALYSIS**

A district court "may *sua sponte* raise a venue defect."  *Sweeney v. Alcon Lab'ys, Inc.*, No. 16-4860, 2017 WL 5034466, at *1 & n.1 (D.N.J. May 17, 2017) (first citing *Bent Glass Design v. Scienstry, Inc.*, No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014); then citing *Jolly v. Faucett*, No. 06-3286, 2007 WL 137833, at *2 (E.D. Pa. Jan. 16, 2007); then citing *QRG, Ltd. v. Nartron Corp.*, No. 06-500, 2006 WL 2583626, at *3 (W.D. Pa. Sept. 7, 2006); and then citing *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004)).

"[V]enue over RICO claims is controlled by both 18 U.S.C. § 1965(a) and the general venue provisions contained in 28 U.S.C. § 1391."  *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013).  Under the RICO venue provision in 18 U.S.C. § 1965(a), venue is proper "in the district court . . . for any district in which [any defendant] resides, is found, has an agent, or transacts his affairs."  And under the general civil action venue provisions, venue lies only in

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C § 1391(b).

Here, the Complaint does not allege a proper basis for venue in New Jersey under either the general or RICO-specific venue provisions.  While Plaintiffs allege in conclusory fashion that

2

"events or omissions giving rise to the claims occurred within this District and/or because Defendants transact business affecting this District," Compl. at 37, they further note that "[t]his Complaint is filed in the District of New Jersey because prior proceedings have failed to address the merits of the claims, and Plaintiffs are also now residents," *id.* at 4.  But that other courts have supposedly failed to address the merits of Plaintiffs' claims does not make venue proper in this District; if anything, it suggests that Plaintiffs are forum shopping.  And other than a few other scattershot references to Plaintiffs being residents of New Jersey, nowhere else in their 130-page Complaint do Plaintiffs even mention New Jersey or any locality within the state.  *See generally id.*

As such, there is no indication that any Defendant resides in New Jersey—much less all Defendants; to the contrary, what information Plaintiffs do provide regarding Defendants' residences indicates that Defendants reside, at least for the most part, in Utah.  *See, e.g.*, Compl. at 35–36 (describing the Church as a Utah corporation and Kirton McConkie, LLC as a Utah law firm).  Nor is there any indication that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New Jersey.  28 U.S.C § 1391(b)(2).  Again, to the contrary, it appears that this action concerns trust and estate issues centered in Utah.  *See generally* Compl.  Accordingly, Plaintiffs' Complaint fails to adequately allege that this District is the proper venue for their claims under the general venue provisions in 28 U.S.C § 1391(b).

The RICO venue provision does not help Plaintiffs establish venue here, either.  Plaintiffs have not alleged in a non-conclusory manner that any Defendant "resides, is found, has an agent, or transacts his affairs" in this District.  18 U.S.C. § 1965(a).  Under this venue provision, "a person transacts his affairs within a particular district when he regularly conducts business of a substantial

3

and continuous nature within that district." *Kunkler v. Palko Mgmt. Corp.*, 992 F. Supp. 780, 781 (E.D. Pa. 1998) (quoting *Shuman v. Comp. Assocs. Int'l, Inc.*, 762 F. Supp. 114, 116 (E.D. Pa. 1991)). But Plaintiffs' Complaint is completely devoid of any specific allegations suggesting that any Defendant regularly conducts business of a substantial and continuous nature in New Jersey. *See generally* Compl.

For these reasons, it appears that venue is improper in this District. The Court will therefore **DISMISS** the Complaint *without prejudice*. *See Sweeney*, 2017 WL 5034466, at *1–2 (dismissing complaint without prejudice after identifying venue defect).

The Court will, however, give Plaintiffs the opportunity to file an amended complaint curing the venue defect discussed in this Memorandum Order or show cause as to why the Complaint, as it is, establishes venue in this District.

And, to aid the Court in "expressly considering whether the interests of justice weigh in favor of transferring [Plaintiffs'] [C]omplaint instead of dismissing it" with prejudice should the Court ultimately decide doing so is warranted, *Fiorani*, 510 F. App'x at 111, the Court will also require Plaintiffs to submit a letter indicating to which federal district court transfer may be appropriate under 28 U.S.C. § 1406(a).

## II. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **14th** day of April, 2026,

**ORDERED** that Plaintiffs' Complaint, D.E. 1, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that, within **30 days** of this Memorandum Order, Plaintiffs shall either (1) file an amended complaint curing the venue defect identified by the Court or (2) show cause as to why the Complaint, as it is, establishes venue in this District; and it is further

**ORDERED** that, within **30 days** of this Memorandum Order, Plaintiffs shall file a letter indicating to which federal district court transfer may be appropriate under 28 U.S.C. § 1406(a); and it is finally

**ORDERED** that the TRO Motions, D.Es. 3 & 4, are **DENIED** as **MOOT**.

Evelyn Padin, U.S.D.J.

5