<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE ESTATE OF MAX AND JOICE ELIASON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al.*,<br><br>    Defendants. | No. 26cv3254 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

The Estate of Max and Joice Eliason, by and through their trustees, heirs, and interested persons, including Plaintiffs Brett L. Eliason, Veronique Eliason, Kylie Eliason, and Brittnie L. Eliason—all proceeding *pro se*—filed a complaint against Defendants The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (the "Church"), Kirton McConkie, P.C., Craig McCullough, Lisa Stephens, Bryan Stephens, and Jane and John Does "to be added." D.E. 1 ("Complaint" or "Compl."). In the Complaint, which was largely incomprehensible, Plaintiffs allege that Defendants committed RICO violations. *See generally* Compl. Before paying the filing fee, Plaintiffs filed two *ex parte* motions for a temporary restraining order ("TRO"). D.E. 3 and D.E. 4 (together, the "First TRO Motions").

On April 14, 2026, the Court dismissed the Complaint without prejudice for improper venue, provided Plaintiffs with the opportunity to file an amended complaint to cure the venue defect or show cause why the Complaint established venue, and denied the First TRO Motions as moot. D.E. 9 ("First Dismissal Order"). On April 20, 2026, Plaintiffs filed an amended complaint.

D.E. 10 ("Amended Complaint" or "Am. Compl."). The Amended Complaint—which is nearly identical to the Complaint the Court dismissed—again alleges RICO violations against Defendants. *See generally id.* Then, on April 28, 2026, Plaintiffs filed another *ex parte* motion for a TRO. D.E. 11 (the "Second TRO Motion").

Because venue in this District continues to be improper, Plaintiffs' Amended Complaint is **DISMISSED** *without prejudice* and the Second TRO Motion is **DENIED** as **MOOT**.

## I.      ANALYSIS

The Court has reviewed the Amended Complaint and, again, *sua sponte* raises the issue of improper venue. *Sweeney v. Alcon Lab'ys, Inc.*, No. 16-4860, 2017 WL 5034466, at *1 & n.1 (D.N.J. May 17, 2017) (explaining that a district court "may *sua sponte* raise a venue defect") (citations omitted). "[V]enue over RICO claims is controlled by both 18 U.S.C. § 1965(a) and the general venue provisions contained in 28 U.S.C. § 1391." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013). Under the RICO venue provision in 18 U.S.C. § 1965(a), venue is proper "in the district court . . . for any district in which [any defendant] resides, is found, has an agent, or transacts his affairs." And under the general civil action venue provisions, venue lies only in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, again, Plaintiffs fail to allege a proper basis for venue in New Jersey under the general or RICO-specific venue provisions. Plaintiffs promise to provide the Court with "material information that was not previously available to Plaintiff." Am. Compl. at 2. But that information

2

is wholly absent.  Plaintiffs claim to have conducted a "recent review of recorded land records, conveyances, corporate filings, and market-based indicators."  *Id.*  The Amended Complaint, however, contains no specific details from those alleged reviews—or how those reviews cure the venue deficiency in this case.

In fact, New Jersey is mentioned only five times in Plaintiffs' 106-page Amended Complaint: once, briefly, in the Introduction, and four times to establish Plaintiffs' residence.  *See* Am. Compl. at 2, 35–36.  A plaintiff's residence, however, has no bearing on where venue is proper.  *See* 28 U.S.C. § 1391(b).  Once again, Plaintiffs fail to allege that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated" in New Jersey.  28 U.S.C. § 1391(b)(2).

As to the RICO venue provision, Plaintiffs again fail to allege that any Defendant "resides, is found, has an agent, or transacts his affairs" in this District.  18 U.S.C. § 1965(a).  The Amended Complaint—like the Complaint—is devoid of any detail connecting Defendants to New Jersey and fails to establish that New Jersey is a proper venue.  Instead, the bare-bones information Plaintiffs do provide regarding Defendants' residences indicates that most Defendants reside in Utah.  *See* Am. Compl. at 37–39.

It continues to appear that venue is improper in this District.  The Court will therefore **DISMISS** the Amended Complaint ***without prejudice***.  *See Sweeney*, 2017 WL 5034466, at *1–2 (dismissing complaint without prejudice after identifying venue defect).

The Court will provide Plaintiffs with one final opportunity to cure the venue defect discussed in this Memorandum Order and in the First Dismissal Order.  Plaintiffs are cautioned that filing a third complaint that again fails to establish venue could result in a dismissal *with*

3

*prejudice*. *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) ("Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend.").

Additionally, Plaintiffs are reminded that the First Dismissal Order requires Plaintiffs to submit by May 14, 2026, a letter indicating to which federal district court transfer may be appropriate under 28 U.S.C. § 1406(a).

## II.    CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **1st** day of May, 2026,

**ORDERED** that Plaintiffs' Amended Complaint, D.E. 10, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that, within **30 days** of this Memorandum Order, Plaintiffs shall either (1) file a second amended complaint curing the venue defect identified by the Court or (2) show cause as to why the Amended Complaint, as it is, establishes venue in this District; and it is further

**ORDERED** that, by **May 14, 2026**, Plaintiffs shall file a letter indicating to which federal district court may be appropriate for transfer under 28 U.S.C. § 1406(a); and it is finally

**ORDERED** that the TRO Motion, D.E. 11, is **DENIED** as **MOOT**.

_____
Evelyn Padin, U.S.D.J.

4