**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ESTATE OF MAX AND JOICE ELIASON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al.*,<br><br>Defendants. | No. 26cv3254 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs Brett L. Eliason, Veronique Eliason, Kylie Eliason, and Brittnie L. Eliason, proceeding *pro se* on behalf of themselves and the Estate of Max and Joice Eliason, filed this action against Defendants The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (the "Church"), Kirton McConkie, P.C., Craig McCullough, Lisa Stephens, Bryan Stephens, and Jane and John Does "to be added." D.E. 1 ("Complaint" or "Compl."). Plaintiffs alleged that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. *See generally* Compl.

On April 14, 2026, the Court dismissed the Complaint, which was largely incomprehensible, without prejudice for improper venue and gave Plaintiffs the opportunity either to amend to cure the venue defect or to show cause why venue was proper. D.E. 9 ("First Dismissal Order"). Plaintiffs responded, on April 20, 2026, with a nearly identical amended complaint alleging the same RICO violations. D.E. 10 ("Amended Complaint" or "Am. Compl.").

The result was the same. On May 1, 2026, the Court dismissed the Amended Complaint, again without prejudice and again for improper venue. D.E. 12 ("Second Dismissal Order"). The Court provided Plaintiffs "one final opportunity" to cure the defect or show cause, directed them to identify, by May 14, 2026, the federal district court to which transfer might be appropriate under 28 U.S.C. § 1406(a), and cautioned "that filing a third complaint that again fails to establish venue could result in a dismissal *with prejudice*." *Id.* at 3–4.

On May 3, 2026, Plaintiffs filed a second amended complaint in two parts: a seven-page notice attaching revised venue allegations, D.E. 13 ("Venue SAC"), and the operative 107-page second amended complaint, D.E. 14 ("SAC").[1] The SAC adds Dallin H. Oaks, Eliason Eight, LLC, Eliason Enterprises, LLC, and the United States Department of Justice as Defendants. *See* SAC. The SAC alleges twenty causes of action arising from a dispute over the administration of Plaintiffs' family trusts and estate in Utah. *Id.* It invokes RICO as the basis for federal jurisdiction and embeds another request for emergency injunctive relief. *See generally id.* Plaintiffs never filed the required transfer letter as required by the Second Dismissal Order. *See* Dkt.

Counsel appeared for the Church, Kirton McConkie, P.C., Craig McCullough, and Dallin H. Oaks (together, the "Appearing Defendants"). D.Es. 15 & 16. The Appearing Defendants sought leave to move to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). D.E. 17 ("Appearing Defendants PML"). Plaintiffs filed a notice of supplemental evidence, D.E. 18, and a response to the Appearing Defendants PML, D.E. 19 ("Plaintiffs PML"). Plaintiffs then demanded the Undersigned's recusal, D.E. 20 ("Recusal Demand"). Plaintiffs further asked the Clerk of Court to enter default against Lisa Stephens, Bryan

[1] The venue allegations in the Venue SAC appear verbatim in the SAC. *Compare* D.E. 13 at 2–6, *with* SAC at 39–43. The Court accordingly treats D.E. 14 as the operative pleading.

Stephens, Eliason Eight, LLC, and Eliason Enterprises, LLC, D.E. 21 ("Default Request"), which the Clerk declined for lack of proof of service. Plaintiffs next moved on an emergency basis for a preliminary injunction and expedited hearing, D.E. 22 ("PI Motion"), to which the Appearing Defendants responded, D.E. 23. And most recently, Plaintiffs moved—again styled as an emergency—to enjoin a later-filed federal action now pending in the United States District Court for the District of Utah, No. 2:26-cv-00677 (D. Utah). D.E. 24 ("Motion to Enjoin").

Because venue in this District continues to be improper and Plaintiffs have failed to establish otherwise, Plaintiffs' SAC is **DISMISSED** ***without prejudice*** to refile in a proper venue and further leave to amend in this District is **DENIED**. The Recusal Demand is **DENIED**. The PI Motion and the Motion to Enjoin are **DENIED** as **MOOT**. The Appearing Defendants' request to file a motion to dismiss is **DENIED** as **MOOT**.

## I. ANALYSIS

### A. Recusal

The Court starts with the Recusal Demand. Under 28 U.S.C. § 144, a party seeking recusal must file a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice against the party seeking recusal." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). "Conclusory allegations need not be accepted as true." *Id.* Under 28 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Under either provision (Section 144 or 455(a)), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

The Recusal Demand is an amalgam of seemingly arbitrary facts. Plaintiffs attach no affidavit and invoke no relevant statutes to support their claims. *See* Recusal Demand. In fact, the Recusal Demand's core grievance is with the Court's rulings. *Id.* Plaintiffs object that the Court "turned [their] plea for an emergency hearing for relief into something foolish like 'the venue and/or jurisdiction are wrong.'" *Id*. at 3. Such disagreements "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. And the Recusal Demand's remaining content accusing the Undersigned of being a "co-conspirator" in Defendants' alleged crimes, Recusal Demand at 2–3, is the sort of conclusory and unsupported allegation that "need not be accepted as true," *Jones*, 899 F.2d at 1356. The Recusal Demand is therefore **DENIED**.

**B. Venue**

Although the Court construes Plaintiffs' *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but *pro se* litigants "must abide by the same rules that apply to all other litigants," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). For the third time, the Court *sua sponte* raises the issue of improper venue. *See Sweeney v. Alcon Lab'ys, Inc.*, No. 16-4860, 2017 WL 5034466, at *1 & n.1 (D.N.J. May 17, 2017) (explaining that a district court "may *sua sponte* raise a venue defect") (citations omitted); *Eastern Controls, Inc. v. Borysowski*, No. 22-96, 2022 WL 740761, at *5 (D.N.J. Mar. 11, 2022) ("Although courts generally refrain from *sua sponte* dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances." (citation omitted)). Such circumstances are present here: no Defendant has waived venue, and the Court has twice provided Plaintiffs notice and an opportunity to cure.

"[V]enue over RICO claims is controlled by both 18 U.S.C. § 1965(a) and the general venue provisions contained in 28 U.S.C. § 1391." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109,

111 (3d Cir. 2013). Under the RICO venue provision in 18 U.S.C. § 1965(a), venue is proper "in the district court . . . for any district in which [any defendant] resides, is found, has an agent, or transacts his affairs." And under the general civil action venue provisions, venue lies only in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiffs filed the Venue SAC and devote a section of the SAC to venue. *See* SAC at 39–43. But Plaintiffs' arguments rest entirely on where Plaintiffs live and where they feel their claimed injuries occurred. *See* Venue SAC; SAC. According to Plaintiffs, venue is proper because "the effects of Defendants' conduct are felt in this District, where Plaintiffs reside." SAC at 2. Plaintiffs further argue that the "economic injury and deprivation of property are suffered in this district." *Id.* at 41. Aside from the section arguing for venue, New Jersey appears in the SAC only to establish Plaintiffs' residences. *See id.*

Plaintiff's venue theory fails for the same reasons it failed twice before. A plaintiff's residence has no bearing on where venue is proper. *See* 28 U.S.C. § 1391(b); Second Dismissal Order at 3. Nor does the district in which a plaintiff feels the effects of a defendant's out-of-state conduct, because the test looks to where the events or omissions themselves occurred. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294–96 (3d Cir. 1994) (finding venue improper where the relevant events occurred in Michigan but their effects were felt in Pennsylvania); *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012)

(discussing venue as improper where none of "the acts or omissions that gave rise to the Complaint occurred" in the District where the suit was brought).

By the SAC's own account, the events giving rise to Plaintiffs' claims occurred in Utah. *See* SAC at 46–47. No event—or even a substantial part of an event—is alleged to have occurred in New Jersey. So venue in this District is improper under Section 1391(b)(2).

As to the RICO venue provision, Plaintiffs again fail to allege that any Defendant "resides, is found, has an agent, or transacts his affairs" in this District. 18 U.S.C. § 1965(a). The SAC contains a conclusory statement alleging "interstate communications, financial transfers, and coordinated enterprise activity affecting Plaintiffs in New Jersey." SAC at 41. But the SAC still does not allege that any Defendant "resides, is found, has an agent, or transacts his affairs" in this District. 18 U.S.C. § 1965(a). Indeed, every Defendant whose residence the SAC identifies is in Utah. *See* SAC.

For the third time, Plaintiffs have failed to establish that venue is proper in this District. "A determination of improper venue does not go to the merits of the case and therefore must be without prejudice." *Gage v. Somerset Cnty.*, 2023 WL 179847, at *1 n.1 (3d Cir. Jan. 13, 2023) (quoting *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991)). The SAC will therefore be **DISMISSED** ***without prejudice*** to refile in a proper district.

### C. Dismissal without Leave to Amend

When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is not warranted here. The Court twice directed Plaintiffs to identify the district to which transfer might be appropriate. *See* Second Dismissal Order at 3. Plaintiffs never did. *See* Dkt. Instead, the SAC insists that no adequate alternative forum exists at all. SAC at 42.

And the Appearing Defendants represent that the most plausible transferee court—the District of Utah—has entered orders restricting Plaintiff Brett Eliason from filing there. Appearing Defendants PML at 3. On this record, the interest of justice does not favor transfer.

The dismissal will again be without prejudice. A dismissal for improper venue is not a judgment on the merits. *Humphreys v. Gen. Bus. Servs., Inc.*, No. 91-2103, 1991 WL 186673, at *4 (D.N.J. Sept. 16, 1991) (citing Fed. R. Civ. P. 41(b)). Nothing in this Memorandum Order bars Plaintiffs from pursuing their claims in a district where venue properly lies.

But the Court will not grant further leave to amend in this District. Leave to amend may be denied for "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend." *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007). Both repeated failures to cure and futility are present here. Plaintiffs have filed three complaints, each of which has failed to establish venue. Moreover, by the time Plaintiffs filed the SAC, the Court had twice identified the defect and warned that another failure could result in a dismissal with prejudice. Second Dismissal Order at 3. Nothing to suggest that a fourth complaint would fare differently: Plaintiffs' claims arise from events in Utah, against Defendants located in Utah, and no amendment can move those events to New Jersey. Further amendment would be futile. *See Johnson v. Kijakazi*, No. 20-747, 2021 WL 5053065, at *14 (S.D. Cal. Nov. 1, 2021) (dismissing complaint without prejudice and without leave to amend because "the complaint [was] frivolous" and amendment would be futile and collecting cases holding the same). Accordingly, further leave to amend in this District is **DENIED.**

### D. Remaining Motions and Requests

*The PI Motion.* The PI Motion asks the Court to hold an expedited hearing and to order Defendants to preserve records and refrain from transferring disputed assets. PI Mot. at 21. The SAC's dismissal leaves no operative pleading on which preliminary relief could issue. The PI Motion is therefore **DENIED** as **MOOT**. *See Nekrilov v. City of Jersey City*, 45 F.4th 662, 681–82 n.11 (3d Cir. 2022) (affirming denial of a preliminary injunction motion as moot where the underlying complaint was dismissed).

*The Motion to Enjoin.* The Motion to Enjoin asks the Court to enjoin, stay, or otherwise coordinate the later-filed Utah federal action under the first-filed doctrine, the All Writs Act, Federal Rule of Civil Procedure 16, and the Court's inherent docket-management authority. Mot. to Enjoin at 3–5. Each of those authorities exists to protect an action properly pending before this Court. The All Writs Act authorizes writs only "in aid of" the Court's jurisdiction, 28 U.S.C. § 1651(a). And the first-filed rule empowers the court where a matter was first filed to "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). Because the SAC is dismissed for improper venue and no action remains pending in this District, there is nothing left for the requested relief to aid or protect. Whether and how the Utah action proceeds is a matter for the District of Utah. The Motion to Enjoin is therefore **DENIED** as **MOOT**.[2]

---

[2] On July 27, 2026, the Appearing Defendants submitted a letter responding to the Motion to Enjoin. D.E. 25. Because the Motion to Enjoin is denied and the SAC is dismissed, no further briefing is necessary, and the relief requested in the letter is **DENIED** as **MOOT**. To the extent the letter asks that the SAC be dismissed with prejudice, that relief is unavailable: a determination of improper venue does not reach the merits, so the dismissal must be without prejudice. *See Gage*, 2023 WL 179847, at *1 n.1.

*The Default Request.* The Default Request is **DENIED**. First, entry of default requires valid service of process, and no proof of service upon Lisa Stephens, Bryan Stephens, Eliason Eight, LLC, or Eliason Enterprises, LLC appears on the docket. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (reversing entry of default judgment as improper because there was "no evidence that the complaint was properly served"). And, in any event, the dismissal of the SAC moots Plaintiffs' request.

*The Pre-Motion Letters.* The Appearing Defendants seek leave to move to dismiss the SAC on grounds independent of venue. Because the Court dismisses the SAC for improper venue, it need not reach those arguments. The Appearing Defendants' request to file a motion to dismiss is **DENIED** as **MOOT**.

* * *

Plaintiffs' filings accuse this Court, opposing counsel, and dozens of state and federal judges of criminal conduct. *See, e.g.*, PI Mot. at 3 ("criminals themselves aiding and abetting and obstructing justice"); Recusal Demand at 2–4. Such accusations establish neither venue, jurisdiction, nor the merits. Litigants—including those proceeding *pro se*—may not use court filings to level baseless charges of criminality. *See In re Linerboard Antitrust Litig.*, 361 F. App'x 392, 400–01. (3d Cir. 2010) (explaining that although litigants may challenge "wayward jurists, they must do so based on facts, rather than baseless speculation" and declining to "take lightly" a party's unsupported "attempts to sully the reputation of a Judge"). Plaintiffs are advised that "a continuous pattern of groundless and vexatious litigation" may support an order restricting future filings. *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982). This Order contains no such restrictions, but future filings in this District must comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and basic standards of decorum.

## II. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this 29th day of July, 2026,

**ORDERED** that Plaintiffs' Second Amended Complaint, D.E 14, is **DISMISSED** ***without prejudice*** to refile in a proper venue; and it is further

**ORDERED** that further leave to amend in this District is **DENIED**; and it is further

**ORDERED** that Plaintiffs' PI Motion, D.E. 22, Plaintiffs' Motion to Enjoin, D.E. 24, and the Appearing Defendants' request to file a motion to dismiss, D.E. 17, are **DENIED** as **MOOT**; and it is further

**ORDERED** that Plaintiffs' Recusal Demand, D.E. 20, and Default Request, D.E. 21, are **DENIED**; and it is finally

**ORDERED** that the Clerk shall mail a copy of this Memorandum Order to Plaintiffs and mark this case **CLOSED**.

Evelyn Padin, U.S.D.J.